## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT STATE OF OKLAHOMA

| | | |
|---|---|---|
| BILL & RHONDA SPRAY, individually and as personal representatives of the Estate of SINDI SPRAY, Decedent | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-20-308-C |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS FOR OKLAHOMA COUNTY, OKLAHOMA COUNTY JAIL, OKLAHOMA COUNTY JAIL TRUST, OKLAHOMA COUNTY SHERIFF'S OFFICE, OKLAHOMA COUNTY DETENTION CENTER, OKLAHOMA COUNTY DEPUTIES, and OKLAHOMA COUNTY DETENTION OFFICERS | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## INTRODUCTION

1.     Bill and Rhonda Spray, individually and as personal representatives of the Estate of Sindi Spray, Decedent, (hereinafter collectively referred to as "Plaintiffs"), by and through their counsel of record, bring this action to recover for the wrongful death of Sindi Spray as a result of the actions and/or inactions of the above listed Defendants who are all Oklahoma State Officials and/or Oklahoma County Officials. The actions and/or inactions of Defendants or their representatives sit in contravention of the Fourteenth Amendment and are justiciable by this Court pursuant to its authority to resolve questions of federal constitutional law under Rule

1

8(a)(1) of the Federal Rules of Civil Procedure. Defendants' actions and/or inactions also serve as the basis for State Law Pendant Claims.

## PARTIES

2.      Plaintiffs reside in Hughes County, State of Oklahoma. Decedent Sindi Spray was an indigent pre-trial detainee and criminal defendant in a pending criminal proceeding in Oklahoma County, State of Oklahoma and was under the sole complete control of the Oklahoma County Detention Center and Oklahoma County Sheriff's Offices at all times pertinent hereto. Sindi Spray had a statutory right to receive adequate medical care while incarcerated, as well as a federal constitutional right to be free from treatment that constitutes willful or obdurate disregard or deliberate indifference to her serious medical needs.

3.      Board of County Commissioners for Oklahoma County, Oklahoma County Jail, Oklahoma County Jail Trust, Oklahoma County Sheriff's Office, Oklahoma County Detention Center, Oklahoma County Deputies, and Oklahoma County Detention Officers are statutorily established political subdivisions and governmental entities organized under the Constitution and Laws of the State of Oklahoma.

4.      Plaintiffs have complied with the Oklahoma Governmental Tort Claim Act (Okla. Stat. tit. 51 O.S. §151 et. seq.). In complying with the Oklahoma Governmental Tort Claim Act, Plaintiffs forwarded Governmental Tort Claim Notice on September 9th, 2019 to the Oklahoma County Clerk, placing on notice the Oklahoma County Jail, Oklahoma County Trust, and the Board of County

Commissioners. Thereafter, on December 6th, Plaintiffs hand delivered a second Governmental Tort Claim Notice to the Oklahoma County Clerk placing on notice the Oklahoma County Sheriff's Office, Oklahoma County Detention Center, Oklahoma County Deputies, and Oklahoma County Detention Officers. No responsive communication was obtained from either Governmental Tort Claim Notice, and those Notices expired on December 10th, 2019 and March 5th, 2020. This Complaint is timely filed and complies with the Oklahoma Governmental Tort Claim Act.

5.     Plaintiffs assert this Court has jurisdiction over the parties and of the subject matter and that the venue is appropriate. Further, the jurisdiction of this action is based upon 28 U.S.C. § 1331 and 1343 (a)(3) and (4) in that it is a civil action that arises (a) under the Constitution, Laws or Treaties of the United States; (b) authorized by law to be commenced by any person to redress the deprivation under color of State Law, of rights secured by the Constitution of the United States; and (c) is an action to recover damages under 42 U.S.C. § 1983 of the deprivation of civil rights. The amount in controversy exceeds $75,000.00.

6.     The various actions and/or inactions alleged in this complaint were engaged in and carried out by, between and among individual Defendants while such Defendants were acting within the course and scope of their employment as agents, employees or representatives of Oklahoma County, State of Oklahoma. The various acts and/or omissions carried out in this Complaint were also engaged in and carried out by these Defendants acting under the color of state law.

7.     Plaintiffs seeks supplemental jurisdiction of the Court as to various Defendants for state law claims pursuant to 28 U.S.C. §§ 1316 and 1367 in that these claims derive from a common nucleus of operative fact and are so interrelated that Plaintiffs would ordinarily be expected to try them in one judicial proceeding. Additionally, considerations of judicial economy, convenience, and fairness to all litigants dictate that the Court should exercise its discretion to hear the supplemental claims.

8.     Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(b).

**GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL DEFENDANTS**

9.     Upon information and belief formed prior to the beginning of discovery, Plaintiffs allege and state as follows:  Sindi Spray was an indigent pre-trial date detainee and criminal defendant in a pending criminal proceeding in Oklahoma County, State of Oklahoma. Sindi Spray had a federal and state statutory right to medical care pursuant to 51 O.S. § 52, 74 O.S. § 192 and state case law while incarcerated in the Oklahoma County Detention Center; she had a federal constitutional right pursuant to the Fourteenth Amendment to be free from treatment that constitutes a wanton or obdurate disregard or deliberate indifference as to her serious medical needs.

10.     Defendant was incarcerated in the Oklahoma Jail County on or about December 14th, 2018. During the time of her incarceration, Decedent Sindi Spray began suffering serious medical complications and began requesting and begging

for medical attention.  It was known to representatives of Defendants that Plaintiff was suffering a medical condition including withdrawal, yet she was denied a medical evaluation and medical care. Thereafter, after being denied basic medical care, Plaintiff was found to be deceased at approximately 5:15 p.m. on December 16, 2018. Plaintiffs assert that officers at the Oklahoma County Jail and/or Oklahoma County Detention Center deprived Plaintiff of basic medical care in violation of the United States Constitution and the Oklahoma Constitution and were negligent in their treatment of Sindi Spray during her incarceration. As a result of these actions and/or inactions, Plaintiff suffered a perforated duodenal ulcer, which ultimately resulted in her death. Plaintiffs additionally assert that the death suffered by Sindi Spray caused her conscious pain and suffering as evidenced by her begging for medical attention, which was denied by representatives of one and/or all of Defendants listed above.

11.     The actions and/or inactions of Defendants or their representatives constitute willful, wanton and reckless disregard of the constitutional rights of Sindi Spray and warrant punitive damages against Defendants. Further, this conduct created an unnecessary risk of harm to Sindi Spray, which directly led to her death. The conduct of Defendants and/or their employees was outrageous and a gross abuse of governmental power over detainees in the County jail and demonstrated an unconscionable and reckless disregard of Sindi Spray's constitutional rights.

12.     As a pre-trial detainee, Sindi Spray was entitled to Fourteenth Amendment substantive due process rights that are equivalent to the Eighth

Amendment rights of a prisoner to be free from cruel and unusual punishment. *Estate of Hocker v. Walsh,* 22 F.3d 995, 998, (10th Cir. 1994). The Fourteenth Amendment guarantees detainees the same degree of medical attention as the Eighth Amendment provides inmates.

13.     Defendants or their representatives who were monitoring, supervising and/or detaining Sindi Spray at all times material to this claim, were acting under color of state law in performing their duties. During that time, the actions of Defendants and/or their representatives were deliberately indifferent to Sindi Spray's need for medical care and that they:

a.     Failed to know and understand the medical rights of detainees in the detention center relating to the providing prompt and adequate medical treatment to Sindi Spray and/or all detainees;

b.     Failed to employ competent medical personnel to tend to the needs of those under the custody and control of the Oklahoma County Detention Center, including, but not limited, to Sindi Spray's needs;

c.     Failed to perform any preadmission medical screening of Sindi Spray and/or if one were performed, it was done in a grossly inadequate manner;

d.     Failed to perform any prompt post-admission medical screening of Sindi Spray as an alternative to pre-admission screening, or if one were performed, it was done in a grossly inadequate manner;

e.  Failed to adequately communicate Sindi Spray's medical condition between shifts, as well as failed to properly observe Sindi Spray on any type of minimum basis;

f.  Defendants ignored Sindi Spray's repeated requests for help and medical attention for serious medical needs;

g.  Failed to adequately document Sindi Spray's condition;

h.  Failed to recognize and respond in a timely manner to Sindi Spray's medical problems;

i.  Failed to call for a physician or the qualified health professional to examine, evaluate, and provide treatment to Sindi Spray during the time she was a detainee;

14.  As a direct and proximate result of the above described constitutional violations, Sindi Spray suffered a painful and needless death prematurely on December 16, 2018. As a result of the actions and inactions of Defendants, which ended in the injuries and death of Sindi Spray, Plaintiffs are entitled to monetary damages for the death of Sindi Spray in accordance with 42 U.S.C. § 1983, together with any applicable prejudgment and post-judgment interest.

15.  The actions of Defendants, Oklahoma County Sheriff, Oklahoma County Detention Center, and/or the Board of County Commissioners have created an environment where pre-trial detainees have routinely suffered from constitutional deprivations and have failed to meet and protect the constitutional right of pre-trial detainees in the Oklahoma County Jail. The actions of the supervising staff indicate

7

a malicious, callous, and institutional disregard for serious medical issues suffered by prisoners resulting in the deprivation of basic medical care to inmates.

16.    The actions of Defendants further violate 42 U.S.C. § 1983; Defendants and/or supervisors have failed to properly train, supervise, and provide adequate medical care to pre-trial detainees in the Oklahoma County Jail. Defendants and their representatives are charged with ensuring adequate medical healthcare to pre-trial detainees and have completely failed to provide access to most medical care and treatment commiserate with the standards and principles of a civilized society. The actions of Defendants or their supervisor have fostered or promoted  the establishment of long-term continuation of an atmosphere or work environment at the detention center where the attention and medical personnel (if any) were encouraged to disregard the serious medical needs of detainees in whole or in part because of the adverse financial consequence to the budget allocated to the detention center.

17.    Defendants failed to ensure that emergency medical treatment of detainees could be accomplished in a reasonable time frame;

      a.    Defendants failed to provide person(s) with the authority to ensure that physicians or appropriate healthcare providers were available in both a non-emergency and emergency basis;

      b.    Failed to enforce an adequate plan to respond to both non-emergency and emergency medical needs of detainees.

18.     Representatives of Defendants failed to provide a reasonably equipped medical emergency staff and/or medical response team;

a.     Failed to provide a clear system that would enable the medical requests of detainees (including multiple requests of Sindi Spray referred to in this Complaint) to be promptly reviewed and evaluated by medically-trained medical personnel and acted upon in a reasonable manner consistent with the requirements of the Constitution.

19.     The representatives of Defendants failed to create and enforce a methodology of systematic and documented personal observations of all detainees on a sufficiently regular basis to ensure prompt recognition of detainees medical needs, including the needs of Sindi Spray. Further, these same Defendants and their representatives created a long-term practice and were custom of disregarding serious medical needs of detainees.

20.     Defendants and their representatives failed to provide adequate training for jail and/or detention center employees, education, supervision, and continuing education to alert those employees to the medical needs of detainees and how to comply with those standards.

21.     Defendants failed to have and/or enforce written policies, procedures, or practices requiring inmates' complaints to be solicited daily and to be responded to by a health trained detention personnel. More, Defendants also failed to have

appropriate policies, procedures, or practices to respond to health-related situations for pre-trial detainees in a short period of time.

22.     Defendants who acted in a supervisory official capacity over the Oklahoma County Detention Center were grossly negligent in managing the subordinates who caused the unlawful events.

23.     Once Sindi Spray arrived at the Oklahoma County Detention Center, she was deprived of and no longer had the right, power, freedom, or ability to decide what to do about her medical needs and to act on her decisions by doing something herself, including requesting help from doctors or healthcare providers. At that time, Oklahoma County Detention employees and agents or servants had absolute and exclusive control over Sindi Spray, including all decisions about her health and when medical needs would be met.

24.     Defendants breached their duty to Sindi Spray and were negligent. Further, with the theory of Respondeat Superior, supervisors and other Defendants are responsible for the acts and omissions of their employees under Oklahoma state law. As a direct and proximate result of the negligence of Defendants and/or their agents, Sindi Spray suffered injuries and damages set forth herein, which resulted in her death.  These actions further justify the award of punitive damages against Defendants.

25.     In addition to the actions and/or inactions of Defendants, Defendants further negligently trained and supervised staff regarding treating the medical needs of pre-trial detainees. Defendants and/or their agents failed to exercise reasonable

care and training or supervision of its employees in providing reasonable medical care and treatment.

26.     The actions and/or inactions described herein are in direct violation of Article II § 30 of the Oklahoma Constitution and violated Sindi Spray's constitutional rights. *Bosh v. Cherokee County Building Authority,* 2013 OK 9. Such actions or inactions that actually arose from Defendants' employee and constitutes torts as described herein. The actions or inactions of Defendants or their representatives were so malicious and/or done with such reckless indifference to the rights and wellbeing of Sindi Spray as to justify an award of punitive damages.

27.     Further, the actions and omissions set forth herein were extreme and outrageous in that they were clearly intolerable in a civilized society. These actions include intentional infliction of emotional distress to Sindi Spray and Plaintiffs herein.

28.     The Constitution of the State of Oklahoma, under Article II, § 9 provides a private right of action for Sindi Spray and all other inmates who are in pre-trial custody to be free in their persons from cruel and unusual punishment, which includes protection from the denial of needed medical care while in custody. The actions of Defendants or their employees violated Sindi Spray's Oklahoma constitutional rights entitling Plaintiffs to cover actual damages, pre- and post-judgment interest, attorney fees and costs, and Plaintiffs further request that the acts and/or omissions warrant punitive damages against the appropriate Defendants.

**WHEREFORE,** Plaintiffs demand judgement against Defendants, Board of County Commissioners for Oklahoma County, Oklahoma County Jail, Oklahoma County Jail Trust, Oklahoma County Sheriff's Office, Oklahoma County Detention Center, Oklahoma County Deputies, and Oklahoma County Detention Officers with compensatory and punitive damages against the appropriate Defendants, attorney fees, pre-judgment and post-judgment interests, and for any other relief as the Court deems just and proper. Plaintiffs demands are for in excess of $75,000.00 and, pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs respectfully request that this action be tried to a jury.

By: /s/ Stephen D. Bachman
STEPHEN D. BACHMAN, OBA#14030
sbachman@hollowaydobson.com
Holloway, Dobson & Bachman, PLLC
One Leadership Square
211 North Robinson, Suite 900
Oklahoma City, OK 73102
Ph: 405-235-8593
Fax: 866-561-5451

ATTORNEYS FOR PLAINTIFF